## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AUSTIN FRANCIS JONES,

    Plaintiff,

    v.                                         Civil Action No.: PJM-23-2417

HARFORD COUNTY DETENTION
CENTER, and
OFFICER HOLNESS,

    Defendants.

## MEMORANDUM OPINION

The self-represented plaintiff, Austin Francis Jones, filed suit pursuant to 42 U.S.C. § 1983 against the Harford County Detention Center ("HCDC") and Officer Holness. ECF 1. Defendants have moved to dismiss the Complaint. ECF 8. Jones was advised that he could file an opposition to the Motion (ECF 9) but has not done so. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendants' Motion is granted.

### I.    Factual Allegations

Jones alleges that on August 5, 2023, he "was assaulted while [he] was handcuffed by OFC Holness. He cuffed me and slammed me into the wall in R-Dorm." ECF 1 at 2. Jones states that Officer Dockery took pictures of Jones' head injury and made a report. *Id* at 2. Jones seeks compensatory damages and the firing of the Chief of Security at HCDC. *Id.* at 3.

### II.    Standard of Review

As noted, Defendants have moved to dismiss. In reviewing the Complaint while considering a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417

F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.    Section 1983

Section 1983 of Title 42 of the United States Code provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

2

rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see, e.g., Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *see Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017). In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). "The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245.

The phrase "under color of state law" is an element that "is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Philips*, 572 F.3d at 180 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982)); *see also Davison*, 912 F.3d at 679. A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326, (1941)); *see also Philips*, 572 F.3d at 181 ("[P]rivate activity will generally not be

3

deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient.").

## IV. Discussion

### A. Harford County Detention Center

Defendants argue that HCDC is not an entity capable of being sued. ECF 8-1 at 3. This Court agrees. *See* 42 U.S.C. § 1983[1]; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002). A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and HCDC is not a person within the meaning of the statute. Jones' Complaint against it is dismissed.

---

[1] That section states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. §1983 (emphasis supplied).

*B. Officer Holness*

This Court is mindful of its obligation liberally to construe the pleadings of self-represented litigants, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Twombly*, 550 U.S. at 555-56). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Liberally, construing Jones' complaint, he alleges that he was subjected to excessive force by Officer Holness. However, Jones fails to plead facts to support his allegations. The Complaint does not state a federal claim that may proceed as to Defendant Holness.

At the time of the events in question, it is unclear whether Jones was a pretrial detainee or convicted inmate at HCDC. If he was a pretrial detainee, his claims are analyzed under the Fourteenth Amendment. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001); *Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992). If he was a convicted inmate, his claims are analyzed under the Eighth Amendment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment." *Barnes v. Wilson*, 110 F.Supp.3d 624, 629 (D. Md. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). In turn, the Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg*, 428 U.S. at 173;

5

*see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016).

To prevail under the Fourteenth Amendment, Jones must show that "the use of force is deliberate – *i.e.*, purposeful or knowing." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). Jones need not detail his alleged assailant's subjective state of mind. Rather, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97; *see also Dilworth v. Adams,* 841 F.3d 246, 255 (4th Cir. 2016). Objective reasonableness "turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The court must "make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Id.* at 397.

Under the Eighth Amendment, whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). The court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Here, Jones has not provided any details regarding the use of force. He does not provide any of the facts or circumstances surrounding the use of force, the need for the use of force, any effort to temper the force applied, the extent of his injuries, or the relationship between the need for force and the amount applied. In sum, the fact that Jones was subject to a use of force is not per se unconstitutional. Further, the information that Jones has provided in support of his claim is insufficient to suggest that the use of force was unconstitutional in this case. Because the sparse

6

details Jones provides "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that [Jones] is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  As such, this claim must be dismissed.

### V.    Conclusion

By separate Order that follows, the Motion to Dismiss filed by Defendants HCDC and Officer Holness will be granted and the Complaint dismissed for failure to state a claim.

_6 /2A /2S_

Date

_PETER J. MESSITTE_
UNITED STATES DISTRICT JUDGE

7